LUHRING, J.
It appears from the bill and the answers to the rule that on July 22, 1931, the defendant, Edythe Abrams, was the owner of Lots 5 and 6 in Square 440, known as Nos. 635 and *7 637 T Street, N. W., and that on this date she executed a deed of trust to the defendants, J. L. Krupsaw and Harry Friedman, as trustees to secure a loan of $6,500 made to her by the defendant, Samuel Wolf. This deed of trust was recorded in Liber 6579 Folio 475 of the land records of the District of Columbia, but when it was made a matter of record does not appear.
On the 22d of March, 1932, the defendant, Edythe Abrams, conveyed this property to her brother, Benjamin Ourisman, who, on the 23d day of December, 1932, conveyed it to one Herman Abrams, who, it is alleged in the bill, is a brother of the defendant, Irving Abrams, the husband of Edythe.
Herman Abrams conveyed the property to one Jack Locke, an agent of the defendant, General Befining Company, a corporation, on the 12th day of January, 1934, but the deed was not recorded until April 12th, 1934.
On the 20th day of April, 1934, it is alleged Locke conveyed to the defendant, Earnest Beatty and J. L. Krupsaw, trustees for the use and benefit of the defendant, General Befining Company.
It thus appears that the defendant Krupsaw is a trustee under the deed of trust to secure the loan of Samuel Wolf, and also a trustee holding the legal title to the same property for the owner, the General Befining Company.
On the 20th day of April, 1934, when Locke, the agent for the defendant Befining Company, conveyed the property to Beatty and Krupsaw as trustees for the use and benefit of the Befining Company, there was in operation on the property a gasoline station, which was owned or being operated by the defendant, Speedy Gas and Oil Company. This company also operated another station at Seventh and S Streets, Northwest. It is alleged that prior to the 5th day of December, 1934, the Speedy Corporation had *8 defaulted in the payment of an obligation due to the General Refining Company, which was secured by all or twenty shares of the capital stock of the Speedy Corporation, and that because of the default, the General Refining Company became the owner of this stock and thereupon took over the operation of the gasoline station located on the T Street property as well as the station located at Seventh and S Streets, and assumed control of the Speedy Corporation by virtue of the stock ownership.
The bill alleges that by means of false and fraudulent representations, an agent of the General Refining Company induced the plaintiff to purchase the gasoline stations for the total sum of $3,723.87, $1,000 of which was evidenced by a promissory note and the balance, $2,723.87, in cash.
The defendant, Samuel Wolf, had nothing to do with the sale of the gasoline stations to the plaintiff, but, according to the allegations of the bill, the trustees, Krupsaw and Friedman, participated more or less in the negotiations and transactions leading up to the sale and its consummation. No special relief is prayed as against Wolf, although the bill alleges and the answer of Wolf denies that the defendant, General Refining Company, offered to pay to Wolf the amount due under the trust, but that he refused to accept the same. There is a prayer for general relief.
The bill alleges that the trustees, Krupsaw and Friedman, desire to sell the property for the purpose of obtaining money with which to pay the defendants, Irving Abrams and Edythe Abrams, for their alleged interest in the property. As to them, the prayer is that a rule issue to show cause why they should not be restrained pendente lite from making the sale under the deed of trust, and upon final hearing to permanently enjoin them from doing so.
A rule was issued and has been answered by these trustees and the defendant, Wolf. It appears that there is now *9 due and unpaid on the note secured by the deed of trust approximately $4,900; that no payment thereon has been made since the 4th day of December, 1934; and that a payment of $1,000 became due on a first trust on said property on the 8th day of January, 1935, which has not been made. It further appears that Wolf has ordered and directed the. trustees to make sale under the deed of trust securing his loan.
There is no charge of fraud against Wolf, and the court infers that the deed of trust was recorded prior to the sale of the gasoline stations to the plaintiff, and that he, therefore, had constructive notice of its existence.
The court has no power to remove the trustees in this proceeding, and by enjoining the sale, injustice will be done Wolf by postponing the collection of a debt which is justly due him. The beneficial owner of the property, that is the defendant, General Refining Company, through its agents, is specifically charged with defrauding the plaintiff in the sale. By reason of the agreement set out in Exhibit A to the bill, this company agrees upon the payment of the promissory note to “authorize and direct Earnest W. Beatty and J. L. Krupsaw, trustees, to immediately convey lots nos. 5 and 6 square 440, known as 645-7 T Street, N. W., Washington, D. C. to Edythe Abrams, or such other person as she might designate.”
It occurs to the court that, in view of the situation as disclosed by the pleadings, the trustees, Friedman and Krupsaw, will be placed in an embarrassing position if they make the sale under the deed of trust securing Wolf. “A trustee named in a deed of trust to secure a loan sustains a fiduciary relationship to the debtor as well as to the creditor. Church v. Holmes, 60 App. D. C. 27. ... A trustee, therefore, should scrupulously avoid placing himself in a position where his interests might conflict with the interests of those whom he represents.” Holman v. Ryon, 61 App. *10 D. C. 10, 13. Here the trustee Krupsaw is a trustee under a deed of trust to secure a loan, and at the same time is a trustee holding the legal title of the very same property for the use and benefit of the owner, the General Refining Company. The trustee, Harry Friedman, is the attorney for the defendant, Edythe Abrams, to whom, as we have seen, the Refining Company agrees to direct its trustees, Beatty and Krupsaw, to make conveyance of the property involved, and also of her husband, the defendant, Irving Abrams.
The rule is discharged.